# EXHIBIT B

Case 1:05-mc-00219-EGS   Document 4-3   Filed 06/24/2005   Page 1 of 7

Westlaw.

Not Reported in F.Supp.2d

Page 1

2001 WL 1718367 (D.Kan.)

(Cite as: 2001 WL 1718367 (D.Kan.))

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Kansas.
Annetria HILL et al., Plaintiffs,
v.
DILLARD'S INC., Defendant.
No. 00-2523-JWL.

Oct. 9, 2001.

MEMORANDUM AND ORDER

DAVID J. WAXSE, Magistrate Judge.

*1 Pending before the Court is Plaintiff's Motion to Compel (doc. 20). Plaintiffs move for an order compelling Defendant to fully respond to certain interrogatories and requests for production of documents. For the reasons stated below, Plaintiff's Motion is granted as specifically set forth herein.

Relevant Factual Background

On November 14, 2000, Plaintiffs filed a Complaint against Dillard's, Inc. seeking damages for false imprisonment, defamation, malicious prosecution, outrageous conduct and discrimination pursuant to 42 U.S.C. § 1981. More specifically, Plaintiffs allege that Dillard's, through its security officers, stopped and detained them on the basis of their race, black, while they were shopping. Plaintiff Annetria Hill ultimately was arrested for shoplifting after Dillard's reported the incident to the Overland Park, Kansas police department. The criminal shoplifting charges brought against Hill were later dismissed.

Discussion

The following discovery requests are at issue in Plaintiff's Motion:

Interrogatory 12 [FN1]

> FN1. Interrogatory 13 is identical to Interrogatory 12 except it narrows the request to include only those cases turned over to the police department that involved Jack Clary or Greg K. Smith. Although Interrogatory 13 also is at issue in Plaintiff's Motion, it will not be discussed independently because the issues presented are subsumed by Interrogatory 12.

List all cases turned over to the Overland Park Police Department for prosecution of shoplifting by Dillard's for three (3) years prior to October 2, 1999, by identifying the person(s) involved in each case, the date of each case, and give a brief description of the allegations in each case.

Request 18

All files logs, records and reports regarding all shoplifting incidents at the Overland Park Dillard's store for three (3) years prior to October 2, 1999.

Request 19

All correspondence between Dillard's and CBS News or the 60 Minutes staff regarding a program that aired on March 5, 2001.

Defendant objects to the discovery set forth above on grounds that it is not relevant, it is overly broad with regard to temporal scope, and it is unduly burdensome to produce. In its response brief, Defendant also appears to raise a new objection to this discovery based on confidentiality concerns. The Court will address each of Defendant's objections in turn.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 2
2001 WL 1718367 (D.Kan.)
(Cite as: 2001 WL 1718367 (D.Kan.))

• *Relevance*

Prior to December 1, 2000, [FN2] a request for discovery would be considered relevant if there was "any possibility" that the information sought may be relevant to the subject matter to the action. *Scott v. Leavenworth Unified School Dist. No. 453*, 190 F.R.D.583, 585 (D.Kan.1999); *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D.Kan.1999). Thus, a request for discovery would be allowed "unless *it [was] clear* that the information sought [could] have *no possible bearing* on the subject matter of the action." *Scott*, 190 F.R.D. at 585 (quoting *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 336, 341 (D.Kan.1991)) (emphasis added by *Scott*).

> FN2. The post-December, 2000 version of Rule 26 governs this dispute, as the Scheduling Order in this case was issued after December 1, 2000. The conclusions reached by the Court here, however, would be the same regardless of whether the Court utilized the "old version" of Rule 26(b)(1), which defined the scope of discovery broadly to include any matter, not privileged, that was relevant to the "subject matter" of the litigation, or the "new version" of Rule 26(b)(1), which defines the scope more narrowly as unprivileged facts relevant to the claims and defenses raised in the litigation.

Given the scope of relevancy has been narrowed from "subject matter of the action" to "claim or defense of any party" by the recent amendments to Rule 26, and based on the relevant case law in this jurisdiction regarding relevancy, *supra*, it appears logical to conclude that a request for discovery will be considered relevant under the amended rule if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *See Scott*, 190 F.R.D. at 585; *Etienne*, 185 F.R.D. at 656. Thus, under the amended rule, a request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of any party. *See id.* [FN3]

> FN3. Although dealing with the scope of discovery in an employment discrimination context, it is a well-established rule of law that discovery in discrimination cases should not be narrowly circumscribed. *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343-44 (10th Cir.1975). The scope of discovery is particularly broad in discrimination cases and "an employer's general practices are relevant even when a plaintiff is asserting an individual claim for disparate treatment." *Gomez v. Martin Marietta Corp.*, 50 F .3d 1511, 1520 (10th Cir.1995) (citing *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir.1991)). "As a general rule, the testimony of other[s] about their treatment by the defendant is relevant to the issue of ... discriminatory intent." *Spulak v.. K Mart Corp.*, 894 F.2d 1150, 1156 (10th Cir.1990). A plaintiff may be allowed "extensive" discovery in order to prove his or her case. *Rich v. Martin Marietta Corp.*, 522 F.2d at 343.

*2 When the discovery sought appears relevant as defined by the amended rule, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under amended Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Scott*, 190 F.R.D. at 585 (citations omitted). Similarly, a party resisting discovery on the grounds that a request is overly broad has the burden to support its objection, unless the request is overly broad on its face. *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. at 656; *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D.Kan.1997). When the relevancy of propounded discovery is not apparent, however, its proponent has the burden to show the discovery relevant. *Pulsecard, Inc. v. Discover Card Serv., Inc.*, 168 F.R.D. 295, 309 (D.Kan.1996).

*a. Interrogatory 12*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                           Page 3
2001 WL 1718367 (D.Kan.)
(Cite as: 2001 WL 1718367 (D.Kan.))

Plaintiffs claim disparate treatment on the basis of race with regard to the allegations of shoplifting made against them. Plaintiffs further allege that Dillard's has a pattern and practice of discriminating against African-American shoppers. Plaintiff's Complaint at ¶¶ 49-57. As part of their claim, Plaintiffs maintain Defendant "turned over" Plaintiff Annetria Hill's case to the Overland Park Police Department for prosecution with regard to the shoplifting allegations at issue.

The interrogatory at issue requests identification of other cases "turned over" to the Overland Park Police Department for prosecution with regard to shoplifting allegations. Plaintiffs assert they need this information to support their claim that blacks and non-blacks are treated differently with regard to detention and prosecution of shoplifting incidents. [FN4] Based on these circumstances, the Court finds Interrogatory 12 appears relevant and/or reasonably calculated to lead to the discovery of admissible evidence with respect to Plaintiffs' claims.

> FN4. Contrary to Defendant's assertions, Plaintiffs do not have to first "establish [their] claim of discrimination" as a matter of law before earning the right to discover information and documents relevant to the alleged discriminatory conduct.

b. *Request 18*

Defendant apparently maintained a security incident log during the relevant time period regarding all occurrences involving its security personnel. Request 18 seeks production of the security incident logs for the three years prior to the date of the alleged shoplifting incident involving Plaintiffs. Plaintiffs
  assert they need this information to support their claim that blacks and non-blacks are treated differently with regard to reported incidents and subsequent detention and prosecution of such incidents.
Defendant does not dispute that the alleged shoplifting incident involving Plaintiffs was recorded in a security log. Defendant objects to producing the log on grounds of relevance, however, because (1) the logs do not reflect an individual's race; and (2) Plaintiffs seek the logs so that she can improperly formulate her own statistics regarding the frequency for which Dillard's stops African-American shoppers as opposed to Caucasian shoppers.

*3 The Court disagrees with Defendant's contention that the logs are not relevant just because they do not contain information regarding the race of individuals involved in store incidents or because Plaintiff could formulate statistics from the log that ultimately would not be admissible at trial. Regarding the scope of discovery allowed, the federal rules specifically provide that "[r]elevant information need not be admissible at the trial *if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.*" Fed.R.Civ.P. 26(b)(1) (emphasis added). In reviewing a sample of an incident log, attached as an exhibit to Plaintiff's Reply brief (doc. 31), the Court finds that although the log--or statistics calculated from information in the log--may not be admissible at trial to support a claim of disparate treatment on the basis of race, the log itself certainly appears reasonably calculated to lead to the discovery of admissible evidence. [FN5]

> FN5. For example, Plaintiffs may be able to determine the race of the individuals listed in the incident log through further investigation based on the information found in the log.

Based on these circumstances, the Court finds Interrogatory 12 appears relevant and/or reasonably calculated to lead to the discovery of admissible evidence with respect to Plaintiffs' claims.

c. *Request 19*

Request 19 seeks all correspondence between Dillard's and CBS News or the 60 Minutes staff regarding a program that aired on March 5, 2001 reporting on the relationship between race and the security practices of various retail stores. In support of their request, Plaintiffs allege that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[a] good portion of the story focused on incidents of security discrimination at the Oak Park Mall Dillard's. Although Dillard's declined 60 Minutes' request for an interview, the stories investigator and narrator, Ed Bradley, specifically identified a written statement sent to 60 Minutes from Dillard's regarding the issue of alleged discriminatory security practices at Dillard's stores. Mr. Bradley quoted a portion of Dillard's statement in the program as follows: "State laws permit a retail store to stop a person for investigation without proof beyond a reasonable doubt. Nevertheless, Dillard's realizes that honest mistakes can and do happen. For those rare occasions, Dillard's apologizes and routinely offers gif [sic] certificates to demonstrate our sensitivity to this problem." The entire 60 Minutes story dealt with incidents similar to those alleged in plaintiffs' Complaint.

Plaintiffs' Motion to Compel at pp. 3-4 (doc. 20). Defendant objects to producing the information, asserting "statement made to the media nearly three years after plaintiffs alleged incident at Dillard's ... can have no bearing on plaintiff's [sic] claims." Defendant's Suggestions at p. 5 (doc. 28).

For the reasons set forth in subsections (a) and (b), *supra*, the Court finds Request 19 appears relevant and/or reasonably calculated to lead to the discovery of admissible evidence with respect to Plaintiffs' claims.

• *Temporal Scope*

Defendant argues Interrogatory 12 and Request 18 are overly broad in time because they seek information and/or documents for a period of three years prior to the alleged shoplifting incident. While the Court has been unable to locate any case law addressing the issue of temporal scope in the context of the discriminatory treatment of customers, the case law on this issue in the context of an employment discrimination cause of action would appear to be applicable. Employment discrimination cases have held that discovery of information both before and after the liability period may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence and courts commonly extend the scope of discovery to a reasonable number of years both prior to and following such period. *See, e.g., James v. Newspaper Agency Corp.*, 591 F.2d 579 (10th Cir.1979) (four years prior to liability period reasonable); *Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 448 (D.Minn.1997)(allowing discovery into the period two years after termination); *Lyoch v. Anheuser-Busch Co.*, 164 F.R.D. 62, 67 (E.D.Mo.1995) (four years prior to liability period reasonable); *Hicks v. Arthur*, 159 F.R.D. 468, 471 (E.D.Pa.1995) (allowing discovery to extend to the period two years after the tenure of the plaintiffs); *Robbins v. Camden City Board of Educ.*, 105 F.R.D. 49, 62-63 (D.N.J.1985) (allowing discovery for a period of two years after employment terminated); *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53-62 (E.D. Pa 1979) (five years prior to liability period reasonable); *Cormier v. PPG Indus.*, 452 F.Supp. 594 (W.D.La.1978) (five years prior to liability period reasonable); *Stevenson v. General Electric Co.*, No. C-1-77-122, 1978 WL 150, at *1 (S.D.Ohio Oct. 4, 1978) (noting emergence of a "five-year rule"); *Milner v. Nat'l Sch. of Health Tech.*, 73 F.R.D. 628, 632 (E.D.Pa.1977) (approximately five years prior to alleged violation).

*4 Keeping in mind that the scope, including the temporal scope, of discovery through interrogatories and requests for production of documents is particularly broad in discrimination cases, the Court is convinced that limiting the scope of Interrogatory 12 to a period of three years prior to the time the discriminatory conduct was alleged to have occurred is reasonable and not overly broad.

• Undue Burden

As the party resisting discovery, Defendant has the burden to show facts justifying its objections. See *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 332 (D.Kan.1991). In lodging an objection based on burden, those resisting discovery must demonstrate that the time or expense involved in responding to requested discovery is unduly burdensome. Moreover, the party resisting discovery has the obligation to provide sufficient detail and explanation about the nature of the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 5
2001 WL 1718367 (D.Kan.)
(Cite as: 2001 WL 1718367 (D.Kan.))

burden in terms of time, money and procedure which would be required to produce the requested documents. This information is necessary to enable the Court to determine the burden imposed by the discovery.

Defendants have submitted no explanation, let alone an affidavit or other proof, demonstrating that responding to these Interrogatories would impose an undue burden. The Court will not speculate that the requested discovery causes undue burden; therefore, Defendant's objection with regard to undue burden will be overruled.

• *Confidentiality*

In its brief, Defendant appears to rely on the confidential nature of the information as grounds for refusing to produce it. Confidentiality does not equate to privilege. *Folsom v. Heartland Bank,* No. Civ. A. 98-2308-GTV, 1999 WL 322691, *2 (May 14, 1999) (citing Federal *Open Mkt. Comm. v. Merrill,* 443 U.S. 340, 362 (1979)). Although information is not shielded from discovery on the sole basis that the information is confidential, a party may request the court enter a protective order pursuant to Fed.R.Civ.P. 26(c) as a means to protect such confidential information. While the decision whether to enter a protective order is within the Court's discretion, see *Thomas v. International Bus. Mach.,* 48 F.3d 478, 482 (10th Cir.1995), Rule 26(c) nevertheless requires that the party seeking the protective order provide "good cause" for the order. Specifically, Rule 26(c) provides that upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment oppression, or undue burden or expense." The party seeking a protective order has the burden to demonstrate good cause. *Sentry Ins. v. Shivers,* 164 F.R.D. 255, 256 (D.Kan.1996).

In determining whether good cause exists to issue a protective order that prohibits partial or complete dissemination of documents or other materials obtained in discovery, "the initial inquiry is whether the moving party has shown that disclosure of the information will result in a 'clearly defined and very serious injury.' " *Zapata v. IBP, Inc.,* 160 F.R.D. 625, 627 (D.Kan.1995) (quoting *Koster v. Chase Manhattan Bank,* 93 F.R.D. 471, 480 (S.D.N.Y.1982)) (internal quotations omitted). The moving party must also make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16 (1981).

*5 Defendant has not yet requested a protective order permitting Defendant to withhold the discovery at issue in the event the Court grants Plaintiffs' Motion to Compel. Without such a request, the Court is not in a position to determine whether the requisite good cause exists to issue a protective order prohibiting dissemination of the information requested under Fed.R.Civ.P. 26(c). The Court does, however, recognize there may be confidentiality concerns with respect to the documents and information requested based on the privacy interests of non-parties. Accordingly, and in the interest of justice, the Court will direct the parties to submit an agreed protective order protecting the confidentiality of the documents at issue within five (5) days from the date of the filing of this Order. Defendant shall then provide the information requested within five (5) days after entry of the protective order. If the parties are unable to agree upon such a protective order, the Court will allow Defendant five (5) days from the date of the filing of this Order to move for a protective order protecting the confidentiality of the information upon disclosure. Plaintiff shall have five (5) days thereafter to respond. If neither an agreed-upon protective order nor a motion for protective order is filed within the time period specified, disclosure will be required without the protection of any such order.

*Conclusion*
Based on the discussion above, Plaintiff's Motion is hereby granted with the provision that the parties shall submit an agreed protective order protecting the confidentiality of the information and documents at issue within five (5) days from the date of the filing of this Order and Defendants shall then provide the information and documents within five (5) days after entry of the protective order. If

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 6
2001 WL 1718367 (D.Kan.)

(Cite as: 2001 WL 1718367 (D.Kan.))

the parties are unable to agree upon such a protective order, the Court will allow Defendants five (5) days from the date of the filing of this Order to move for a protective order protecting the confidentiality of the information and documents at issue and Plaintiff shall have five (5) days thereafter to respond. If neither an agreed-upon protective order nor a motion for protective order is filed within the time period specified, disclosure will be required without the protection of any such order.

IT IS SO ORDERED.

2001 WL 1718367 (D.Kan.)

**Motions, Pleadings and Filings (Back to top)**

• 2:00CV02523  (Docket)

(Nov. 14, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.