# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POLARGRID LLC, <br><br> *Plaintiff* <br><br> v. <br><br> VIDESH SANCHAR NIGAM LIMITED, <br> *Defendant* | CASE NO. 04-CIV-09578 (TPG) <br><br><br> APRIL 1, 2005 |

## POLARGRID LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, plaintiff, Polargrid LLC, requests that the defendant, Videsh Sanchar Nigam Limited ("VSNL"), produce and permit Polargrid to inspect, copy and/or photograph all documents (including all computer generated documents) and things, including the originals thereof, which are in the possession, custody or control of VSNL, or to which VSNL has access, which concern, refer, relate to or evidence in any way the specific requests set forth hereinafter.

### INSTRUCTIONS

1. This document request incorporates by reference the uniform definitions set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

2. Your attention is called to the duty imposed by Rule 26 of the Federal Rules of Civil Procedure to supplement the responses to these Requests with respect to information hereinafter acquired.

3. If an objection is made to any Request contained herein, for each item or category objected to:

   (a) State the specific ground for each objection;

   (b) Identify each such document by giving its date, the name of each author (and each address or, if different), the name of each addressee (and each recipient, if different), and by giving any other information necessary to identify such document or part thereof; and

   (c) Provide a description of the subject matter of each document or item.

4. If there are no documents in existence that are requested in a particular paragraph of this Request, the Response must include a statement to that effect.

5. The Response shall list each document produced under the item or category in the Request to which it relates.

## DEFINITIONS

1. As used herein, the term "Agreement" shall mean that certain Memorandum of Understanding, dated effective as of June 28, 2004, by and between Polargrid and VSNL as more fully described in paragraph 12 of the Complaint in this matter.

2. As used herein, the term "Debentures" shall have the same meaning as set forth in the Agreement.

3. As used herein, the term "Polargrid" shall mean the plaintiff herein as well as any subsidiary, parent or affiliate of any kind, their agents, officers, directors, members and/or those individuals and/or entities working in concert with Polargrid or on its behalf including, without limitation, its attorneys.

4. As used herein, the phrase "Polarnet Contract" shall have the same meaning as set forth in the Agreement.

5. As used herein, the phrase, "TGN Network" shall have the same meaning as set forth in the Agreement.

6. As used herein, the term "Tyco" shall have the same meaning as set forth in the Agreement. It shall also include any agents, officers, employees, directors, members and/or those individuals and/or entities working in concert with Tyco or on its behalf including, without limitation, its attorneys or investment bankers.

7.  As used herein, the term "VSNL" shall mean the defendant herein as well as any subsidiary, parent or affiliate of any kind, their agents, officers, employees, directors, members and/or those individuals and/or entities working in concert with VSNL or on its behalf including, without limitation, its attorneys or investment bankers.

## REQUEST FOR PRODUCTION

### REQUEST NO. 1:

All documents concerning the Agreement including, without limitation, prior drafts of the Agreement.

### REQUEST NO. 2:

All documents exchanged by or between Polargrid and VSNL in negotiating, drafting and/or executing the Agreement.

### REQUEST NO. 3:

All documents concerning any discussion(s) by or between Polargrid and VSNL regarding the terms of the Agreement or the negotiation of the terms of the Agreement.

### REQUEST NO. 4:

If you contend that the Agreement is not enforceable, all documents that you rely upon in asserting that position.

### REQUEST NO. 5:

If you contend that Polargrid breached the Agreement's confidentiality obligations, all documents that you rely upon in asserting that position including but not limited to any documents that reflect any communication(s) between Polargrid and Tyco regarding the acquisition and VSNL's bid.

### REQUEST NO. 6:

If you contend that Polargrid was a bidding partner unacceptable to Tyco, all documents you rely upon in asserting that position.

**REQUEST NO. 7:**

If you contend that Tyco would not accept Polargrid as part of VSNL's bid, all documents that you rely upon in asserting that position.

**REQUEST NO. 8:**

All documents concerning VSNL's acquisition of the TGN Network, including but not limited to documents relating to the following:

    (a)    VSNL's analysis of the value of the TGN Network and its bidding strategy;

    (b)    VSNL's attempts to obtain any regulatory approval necessary to complete its acquisition of the TGN Network;

    (c)    VSNL's attempts to obtain CFIUS approval of its acquisition of the TGN Network;

    (d)    documents exchanged by or between VSNL and Tyco;

    (e)    documents exchanged by or between VSNL and Polargrid;

    (f)    documents reflecting when VSNL first received notice that it was the successful bidder; and

    (g)    its bid package and any drafts thereof.

**REQUEST NO. 9:**

All documents concerning the terms of the Polarnet Contract, including, without limitation, documents that evidence VSNL's expectations relating to the terms of the Polarnet Contract and documents exchanged by or between Polargrid and VSNL relating to Phase I and Phase II of the Polarnet Contract.

**REQUEST NO. 10:**

All documents that VSNL reviewed considered or relied upon in negotiating, drafting and/or executing the Agreement.

- 4 -

**REQUEST NO. 11:**

All documents that VSNL intends to introduce as exhibits in the trial of this action.

**REQUEST NO. 12:**

All documents concerning the Debenture including but not limited to: any analysis of the value of the Debenture; the credit risk associated with the Debenture.

**REQUEST NO. 13:**

All documents concerning any analysis of the risks associated with VSNL's investment in Polargrid.

**REQUEST NO. 14:**

All documents that have been prepared and/or negotiated in preparation for VSNL's acquisition of the TGN Network.

**REQUEST NO. 15:**

All documents concerning VSNL's due diligence prior to entering into the Agreement.

**REQUEST NO. 16:**

All documents concerning VSNL's due diligence prior to submitting a bid for the TGN Network.

POLARGRID LLC
By their attorneys,

_____
Mark S. Baldwin (ct # 01363)
BROWN RUDNICK BERLACK ISRAELS LLP
City Place I, 185 Asylum Street
Hartford, CT 06103-3402
(860) 509-6500

- 5 -

## CERTIFICATE OF SERVICE

This is to certify that on this 1st day of April, 2005, a copy of the foregoing was sent, via first-class mail, to:

Paul F. Doyle, Esq.
William R. Golden, Jr., Esq.
Michelle M. Graham, Esq.
Matthew D. Marcotte, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY  10178

_____
Mark S. Baldwin

#40222469 v\1 - baldwims - ny3%t01!.doc - 24435/1